MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
*jnadolenco@mayerbrown.com*
CHRISTOPHER P. MURPHY (SBN 120048)
*cmurphy@mayerbrown.com*
350 S. Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

OF COUNSEL
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020-1001
RICHARD A. SPEHR
*rspehr@mayerbrown.com*
JOHN M. CONLON
*jconlon@mayerbrown.com*
Telephone: 212-506-2500
Facsimile: 212-262-1910

Attorneys for Plaintiff
REAL NUTRICEUTICAL GROUP LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REAL NUTRICEUTICAL GROUP LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>GLAUCUS RESEARCH GROUP CALIFORNIA LLC,<br><br>Defendant. | Case No. 2:16-cv-349<br><br>COMPLAINT FOR LIBEL<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Real Nutriceutical Group Limited ("RN" or the "Company"), by and through its undersigned counsel of record, respectfully states its complaint for libel as follows:

## NATURE OF THE ACTION

1. This action for libel is brought by RN against Glaucus Research Group California LLC ("Glaucus"). It arises from false and defamatory statements made by Glaucus concerning RN. Specifically, Glaucus published a written report making numerous false statements, but stating most significantly that RN's revenues for the period 2011-13 were 84% less then reported in its public filings with the Hong Kong Stock Exchange and its profits were 99% less than reported in those filings. Glaucus is a hedge fund engaged in short selling of stock. Glaucus's assertions that RN materially overstated its revenues and profits are not mere expressions of opinion, but are false and defamatory representations of fact that were made either with knowledge of their falsity or with reckless disregard to their falsity. Glaucus' false and defamatory statements have tarnished the reputation of RN, caused it to incur substantial expense to refute the false charges, and most importantly, caused the stock price of RN to collapse and led to a suspension in trading of its shares. Upon information and belief, Glaucus made these statements and intended to cause this harm to RN and its shareholders in order to profit by the short positions it had taken in RN's stock. This lawsuit is instituted to recover damages for the serious harm done by Glaucus and to correct the record.

## THE PARTIES

2. Plaintiff Real Nutriceutical Group Ltd. is a corporation duly organized under the laws of the Cayman Islands. RN's stock is publically traded on the Hong Kong Stock Exchange ("HKEX") and its principal place of business is in Hong Kong.

3. Upon information and belief, Defendant Glaucus is a California limited liability company, whose members reside in California. Upon information and belief, the principal place of business of Glaucus is in Newport Beach, California.

///

## JURISDICTION AND VENUE

4. Plaintiff RN is a citizen of a foreign country for purposes of diversity under 28 U.S.C. sec. 1332.

5. Defendant Glaucus is a citizen of the State of California for purposes of diversity under 28 U.S.C. sec. 1332.

6. This Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. sec. 1332 as there exists complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Upon information and belief, the false and defamatory statements that are the subject matter of this action were published within this District.

8. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. sec. 1332.

## CAUSE OF ACTION FOR LIBEL

9. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-8 above.

10. RN is in the business of producing and selling health drinks and nutritional supplements in China. For a further description of RN's business and the products it sells, please refer to the RN HKEX public filings for the years 2011, 2012 and 2013, copies of which are attached hereto as Exhibits 1, 2, and 3, respectively. RN is a publicly traded company listed on the HKEX. As a publicly traded company, RN is required to, and does, file annual reports, including audited financial statements with the HKEX. RN is not a public figure in the United States as it neither does business in the United States nor are its shares traded on exchanges in the United States. RN has not voluntarily injected itself into any public controversy in the United States.

11. Upon information and belief, Glaucus – which has apparently taken its name from a poisonous sea slug – engages in short selling. Typically, a short seller borrows shares in a company, sells those shares, and then buys the shares back to replace those it

borrowed. The difference between the initial sale price and the price at which the shares were bought back represents the short seller's profit or loss. Upon information and belief, in conjunction with Glaucus taking a short position in a company, Glaucus publishes negative information about that company in an effort to drive down the stock price and thereby realize a profit on its short position.

12. Upon information and belief, at some time prior to October 22, 2015, Glaucus executed a short transaction with respect to RN stock.

13. Shortly thereafter, on or about October 21, 2015, from its offices in Newport Beach, California, Glaucus issued a written report (the "Report") that contained numerous false and defamatory statements concerning RN. A copy of the Report is attached hereto as Exhibit 4. In particular, and most significantly, Glaucus asserted that the information reported by RN in its HKEX public filings as to the profits and revenues of its two primary operating subsidiaries, Wuxi Ruinian Industry & Commerce Co., Ltd. ("Ruinian") and Wuxi Zhenqian Bio-Technology ("Wuxi Bio-Tech") had been "massively fabricated" for the years 2011-13. While the other defamatory statements contained in the Report are also demonstrably false, none of them had the impact on the business and reputation of RN as the false assertion that its financial reporting had been "massively fabricated".

14. Glaucus specifically asserted in the Report that "[w]holly foreign owned enterprises ("WFOE")" are required by law to submit annual reports to the Ministry of Commerce ("Mofcom") of the People's Republic of China ("PRC"). It alleged that Ruinian and Wuxi Bio-Tech are WFOE required to make such Mofcom filings. That is a correct statement. However, what Glaucus <u>failed</u> to disclose is that while Mofcom filings accurately reported historical financial information for the company as a whole, certain local district reports – which are the only reports relied on and cited by Glaucus – showed budgets for operations of a company <u>only</u> within a particular local district. These local district reports are not part of Mofcom, they do not reflect actual revenues, as they are mere budgets, and they only apply to local districts, not the entire PRC.

COMPLAINT FOR LIBEL; CASE NO.2:16-CV-349

15. Glaucus represented that "[p]ublicly available filings" from Mofcom reported far less in revenues and profits for Ruinian and Wuxi Bio-Tech during the 2011-13 period than RN reported for the activities of those subsidiaries in its HKEX annual reports. Glaucus claimed "this is conclusive evidence that RN has massively fabricated its reported revenues and profits." This representation was false.

16. While Glaucus represented in its Report that the Mofcom reports were publicly available, and purported to show screenshots from the 2013 and 2012 annual filings of Ruinian and Wuxi Bio-Tech with Mofcom, it did not provide links to those documents, and as set forth below, falsely attributed the information to Mofcom.

17. Specifically, Glaucus asserted that RN reported RMB 5.1 billion in revenue for Ruinian and Wuxi Bio-Tech in its HKEX filings for the period 2011-13. However, Glaucus falsely represented that those subsidiaries reported to Mofcom revenues of only RMB 839 million during this period, asserting such revenues were "84% less than reported to Hong Kong investors and regulators."

18. In addition, while Glaucus asserted that RN reported in its HKEX filings operating profits of RMB 1.97 billion from 2011-13 for these subsidiaries, Glaucus falsely represented that "Mofcom filings also show…. [these] subsidiaries only generated RMB 26 million in operating profits over this period, which is 99% less than reported in HKEX filing." Glaucus asserted that these figures demonstrate that the subsidiaries are "significantly less profitable than the Company claims in its HKEX filings."

19. Upon information and belief, these statements in the Report were published as part of a plan by Glaucus to drive down the price of RN so that Glaucus could realize a profit on the short position it had taken in RN's stock.

20. In fact, the plan worked. As reported in the press, following release of the Report, the share price of RN collapsed and trading on the HKEX was suspended.

21. For example, The Wall Street Journal, in an article dated October 22, 2015, under the headline "Short Seller Says Real Nutriceutical 'Fabricated' Results," reported that "Shares of Real Nutriceutical Group Ltd. fell 8.3% in Hong Kong trading after short

seller Glaucus Research Group California LLC issued a report Thursday saying the company's actual income is far below earnings reported to investors and regulators." The article quoted the Glaucus representation that RN "has massively fabricated its reported revenues and profits." A copy of this article is attached as Exhibit 5 hereto.

22. Upon information and belief, Glaucus realized a substantial profit by its short position in the shares of RN.

23. Following receipt of the Report and suspension of trading of its stock, RN, at considerable expense, undertook an investigation of the allegations made in the Report and prepared a rebuttal to all the assertions made by Glaucus, in particular to the statement of Glaucus that RN had "massively fabricated" its financial reporting.

24. On December 24, 2015, RN issued a Clarification Announcement and Resumption of Trading (the "Response") and resumed trading its shares on the HKEX. A copy of the Response is attached as Exhibit 6 hereto.

25. In its Response, RN demonstrated that the allegations made by Glaucus were not merely false, but also that they were baseless.

26. Specifically, contrary to the assertions made by Glaucus in its Report, Mofcom filings are not now, and were never, "publicly available." Upon information and belief, these filings are only accessible from the Mofcom online system by authorized representatives of RN, Ruinian and Wuxi Bio-Tech, and then only through the use of a designated password. Glaucus was not authorized to access these filings.

27. Moreover, the only reports of Ruinian and Wuxi Bio-Tech filed with Mofcom that set out those companies' revenues and profits for the years 2011-13 are entirely consistent with the annual reports filed by RN with the Hong Kong Stock Exchange, and as explained below, the same results reported by Ruinian and Wuxi Bio-Tech in the Annual Inspection Reports ("AIR") filed with the local PRC Administration of Industry and Commerce ("AIC").

28. While RN was not originally permitted by Mofcom to make these Mofcom filings public in order to refute Glaucus' assertions, it did print out copies of the relevant

reports, had them authenticated by Mofcom and has made them available for inspection at its offices in Hong Kong. While these Mofcom filings detail financial reporting on a subsidiary basis and the RN annual reports break out financial information by product line, the numbers reported are entirely consistent. Mofcom has now authorized the disclosure of these filings for the years 2011, 2012 and 2013, for each of Ruinian and Wuxi Bio-Tech, and they are attached (with English translation) respectively as Exhibits 7 and 8 hereto.

29. AIC is the PRC governmental agency responsible for supervising business registration, business licenses and maintaining annual reports and other official records of companies for inspection by the public. Ruinian and Wuxi Bio-Tech also filed annual inspection reports with AIC for the years 2011 to 2012. For the year 2013, AIC did not require the filing of detailed inspection reports but more summary financial information, which Ruinian and Wuxi Bio-Tech filed on-line with AIC. Only the 2013 summary financial information is available for inspection online by the public. Copies of these AIC reports (with English translation) for the years 2011 and 2012, along with the 2013 summary filing, for each of Ruinian and Wuxi Bio-Tech, are also attached as Exhibits 9 and 10 hereto.

30. The information reported to AIC by Ruinian and Wuxi Bio-Tech is the same and in the same format as reported to Mofcom. The information reported to AIC and Mofcom is also consistent with the information reported by RN in its annual reports for those years, although, as noted above, on a product line, rather than subsidiary basis.

31. The screenshots which Glaucus represented were historical statements of revenues and profits for Ruinian and Wuxi Bio-Tech for the years 2011-13 were not what Glaucus represented them to be. Glaucus included in each of the screenshots the attribution "Source: 2013 Mofcom Filings – Ruinian Industry," "Source: 2012 Mofcom Filings – Ruinian Industry," "Source: 2013 Mofcom Filings – Wuxi Biotech," and "Source: 2012 Mofcom Filings – Wuxi Biotech." (Exhibit 4, pages 313-316). In fact, these attributions were fabricated; they do not appear on the original of the documents

which Glaucus purports to represent by screenshot. These screenshots are not from filings with Mofcom at all, but have been taken from budgets prepared for local districts which show business activities for Ruinian and Wuxi Bio-Tech in those districts – not the entirety of business activities of those subsidiaries throughout the PRC.

32. Specifically, Glaucus falsely represented that budgets for Ruinian's operations in Wuxi Taihu National Tourism Resort Zone (an area roughly equivalent to a county in the United States) were in fact financial reports of Ruinian's operations throughout the entire PRC. Likewise, Glaucus falsely represented that budgets for Wuxi Bio-Tech's operations in the Jiangsu Xishan Economic and Technological Development Zone, were in fact financial reports of Wuxi's operations throughout the PRC. Again, these are false statements of fact, not mere expressions of opinion. Had Glaucus inquired of RN, Mofcom, the local development zones or other governmental agency regarding this information, it would have realized the falsity of these statements, if it had not already known them to be false. Indeed, upon information and belief, these budgets were maintained by the self-described "Budget Office of Development Finance Agency" for each of these zones, which name itself should have put Glaucus on notice that these materials showed budgetary information for local development zones, rather than any sort of Mofcom filing. Copies of the budgetary information related to Ruinian and Wuxi Bio-Tech activities in these zones, along with the official cover letters from those zones, are attached hereto (with English translation) as Exhibits 11 and 12, respectively. As even a cursory review shows, the screenshots reproduced on pages 313-316 of the Report (Exhibit 4) are taken from the local budgetary information (Exhibit 11 English Translation, pages 802 and 799 [Exhibit 11 Original Document pages 818 and 815]; Exhibit 12 English Translation, pages 831 and 828 [Exhibit 12 Original Document pages 844 and 841]), rather than Mofcom filings, as Glaucus falsely represented.

33. Glaucus represented to investors that "we conducted research and analysis based on public information in a manner that any person could have done… You can access any piece of evidence cited in this report…." This representation is also false. As

stated in the official cover letter from each of the zones with respect to the local budget information, "[t]hese budgets are not available to the public, but only to authorized representatives of the enterprise." Glaucus was not authorized to access these materials and the investing public can not access the materials. Upon information and belief, Glaucus passed off this information as the global historical financial reporting for these companies rather than local budget information, knowing that this information was not publicly available and that the investing public could not independently determine the validity of this assertion or that the documents were what Glaucus claimed them to be.

34. Following its receipt of RN's Response on December 24, rather than acknowledging that its representations in the Report were false and baseless, Glaucus decided to double-down, and on December 28, 2015 issued an additional report (the "Reply"). A copy of the Reply is attached hereto as Exhibit 13.

35. Glaucus defiantly stated in its Reply, "We confidently stand by our Report," and repeated word for word the false statements from the Report representing that RN's revenues and profits were "massively fabricated."

36. Glaucus did not address at all the confidentiality of the records it cited, how they were accessed or who accessed them. Glaucus did not reproduce the records in their entirety, provide a link, correct the misattributions, or otherwise state how they could be accessed. Glaucus asserted again that the local budgetary records were in fact Mofcom filings.

37. Glaucus did not avail itself of the opportunity it was afforded to review the filings available at RN's offices. Rather, either with knowledge of their falsity or with reckless disregard to their falsity, Glaucus chose to repeat its libelous statements.

38. On January 5, 2016, RN issued a "Clarification Announcement" to respond to the Reply, focusing on false allegations not specifically related to the Mofcom filings. A copy of the Clarification Announcement is attached as Exhibit 14 hereto.

///

///

39. On January 7, 2016, Glaucus issued yet another report ("the Supplemental Reply") which further defamed RN. A copy of the Supplemental Reply is attached hereto as Exhibit 15.

40. In the Supplemental Reply, Glaucus again repeated its libelous allegations that RN's sales and income are substantially less than reported to investors. In this document, however, Glaucus makes an entirely new libelous claim. Not content with falsely representing that RN has "massively fabricated" its financial results, Glaucus now asserts that RN "is presenting fabricated Mofcom and [AIC] filings in an effort to continually deceive investors and regulators about the performance and profitability of its underlying business." Glaucus cites no support for its claim that RN has fabricated documents and passed them off as Mofcom and AIC filings. Again, the public has no way of verifying this false assertion of fact made by Glaucus. This statement is defamatory on its face, and upon information and belief, was made recklessly and/or maliciously to harm RN and further depress its stock price.

41. In addition to the drop in stock price, RN's reputation has been tarnished by the false accusations that have been made by Glaucus. Moreover, RN has incurred substantial expenses to investigate the assertions made by Glaucus and to prepare a Response.

42. As set forth above, Glaucus has engaged in oppression, fraud and malice with respect to its conduct towards RN. Specifically, upon information and belief, Glaucus has engaged in conduct which (a) was intended by Glaucus to cause injury to RN or was despicable conduct which was carried on by RN with a willful and conscious disregard of the rights of RN; (b) subjects RN to cruel and unjust hardship in conscious disregard of RN's rights; and (c) included the making of an intentional misrepresentation, deceit, or concealment of a material fact known to Glaucus with the intention of thereby depriving RN of property or legal rights or otherwise causing injury.

///

///

WHEREFOR, Plaintiff prays for an award as follows:

1. Compensatory damages in an amount to be proven at the time of trial;

2. Punitive damages in an amount to be proven at the time of trial;

3. An injunction requiring Glaucus to issue a retraction and corrective statement;

4. Costs of suit incurred by Plaintiffs in this matter; and

5. Such further and other relief as the Court might deem just and proper.

Dated: January 15, 2016

MAYER BROWN LLP

John Nadolenco
Christopher P. Murphy

By: /s/ Christopher P. Murphy
Christopher P. Murphy
Attorneys for Plaintiff

Of Counsel:

Richard A. Spehr
John M. Conlon

## **REQUEST FOR JURY TRIAL**

Plaintiff hereby requests trial by jury of all issues so triable.

Dated: January 15, 2016

MAYER BROWN LLP

John Nadolenco
Christopher P. Murphy

By: _/s/Christopher P. Murphy_____
Christopher P. Murphy
Attorneys for Plaintiff

Of Counsel:

Richard A. Spehr
John M. Conlon